# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK POTTER, | | CASE NO. 13cv2272-LAB (NLS) |
| | Plaintiff, | **ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| vs. | | |
| CHEX SYSTEMS, INC., | | |
| | Defendant. | |

In his amended complaint, Plaintiff Mark Potter seeks damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* Potter admits he overdrew his checking account with US Bank in October, 2010, and that his account was later closed as a result. He then paid US Bank the amount he owed, and unsuccessfully attempted to get negative information removed from his credit report. He alleges Defendant Chex Systems, Inc., a consumer reporting agency, failed to remove the negative information, and failed to respond adequately to his many letters.

Chex moved to dismiss the original complaint. Instead of opposing the motion to dismiss, Potter filed an amended complaint. Chex then moved to dismiss the amended complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

**Legal Standards**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Under Fed. R. Civ. P. 8(a)(2), only "a short and

plain statement of the claim showing that the pleader is entitled to relief," is required, in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555. "[S]ome threshold of plausibility must be crossed at the outset" before a case is permitted to proceed. *Id*. at 558 (citation omitted). The well-pleaded facts must do more than permit the Court to infer "the mere possibility of conduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When determining whether a complaint states a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars–Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). But the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003) (citations and quotation marks omitted).

**Discussion**

Potter admits he overdrew his account, and allowed it to remain overdrawn, and that after an unspecified time the bank closed it. Only after his account was closed did he pay off his debt of $577.61 to US Bank. (Am. Compl., ¶¶ 12–14.) He has not alleged he had an overdraft agreement in place with US Bank, or that US Bank in any other way consented to allow him to maintain his account in an overdrawn state. Rather, the decision to close the account makes clear the bank thought he was acting illicitly and did not consent to it.

After the account was closed, Chex reported Potter's checking account for "Account Abuse." According to the allegations, this was an accurate report. *See Steward v. Wells Fargo Bank, N.A.*, 2011 WL 3207037, at *6–7 (D.Minn., June 10, 2011) (where plaintiff failed to cover overdraft when requested to do so and the account was then closed, report that the

account was closed for "account abuse" was true). Although Potter alleged that the report of "account abuse" was inaccurate and ought to have been removed (Am. Compl., ¶¶ 17–18, 75, 83), these allegations are conclusory and not entitled to be presumed true. *See Eisberner v. Discover Prods., Inc.*, 921 F. Supp. 2d 946, 948 (E.D. Wis. 2013) (rejecting as conclusory the assertion, unsupported by factual allegations, that describing certain accounts as "charged off" was inaccurate). Apparently, Potter seems to be arguing that paying off an account that was closed for account abuse absolves him of the abuse (*see* Am. Compl., Ex. 1), which is not correct. Agencies may, and do, report violations of credit agreements even after payment is received. *See, e.g., Narog v. Certegy Check Servs., Inc.*, 759 F. Supp. 2d 1889, 1193–95 (N.D.Cal., 2011) (holding that plaintiff whose credit report showed he had a 120-day late payment on a debt he had since paid off had no cause of action under the FCRA).

The complaint, and Potter's letters (attached as exhibits) show that Potter was not disputing the fact that US Bank closed his checking account after he maintained an overdraft, and that he paid off his debt only after the account was closed. What he was and is disputing is the use of "account abuse", as his letter of July 3, 2013 makes clear:

> Your computers will "verify" I bank with US Bank as I have many accounts with them. They will verify I have had an account closed. But you need to verify the actual information I'm disputing. I'm disputing that it is accurate to have words anything like "account abuse" related to me.

(Ex. 10 at 1–2.) But Potter's behavior can fairly be called "account abuse." The FCRA does not require that accurate negative information be removed from credit reports, even if a consumer disagrees with the language that is used to report it. *See Samadi v. Bank of America, N.A.*, 476 Fed. Appx. 819, 823 (11th Cir. 2012).

Potter has not identified any other inaccuracy other than the "account abuse" language. He has not, for example, alleged that his report inaccurately said he had never paid off the debt. Chex says the report was updated to show Potter paid US Bank what he owed (*see* Am. Compl., Ex. 2), and he does not dispute this.

/ / /

Potter also alleges that Chex violated its duties under § 1681e(b) by failing to adopt, implement, and follow procedures assuring the accuracy of credit reports; failing to conduct a reasonable investigation of inaccurate information within 30 days of receipt of his dispute letters; failing to delete inaccurate information; and failing to certify information as accurate before reinserting it into his credit report. Violation of certain provisions of the FCRA can entitle consumers to damages. But here, the complaint does not adequately allege any violations that resulted in harm to him.

First, as discussed, the information Chex reported was accurate. Even if, in the abstract, Chex failed to maintain and follow adequate procedures to ensure accuracy of reporting, its failure to do this had no effect on Potter. The remaining letters merely repeat what the earlier letters said, re-asserting that the information was inaccurate.

Potter also argues that he was entitled to have Chex provide him personalized letters, instead of form letters; that he had a right to be provided with details about the verification process; and that Chex was required to conduct its verification of credit information by contacting a person he designated.   But under the FCRA, he is entitled to none of this. The FCRA only required Chex to conduct a reasonable investigation to determine whether the disputed information was accurate, and either confirm or delete it within 30 days. § 1681i(a)(1). As long as Chex did what the FCRA required, it was not obligated to comply with Potter's demands for personalized letters or detailed explanations.

Potter also alleges that Chex should have contacted the US Bank representative he designated, who could confirm that the information was false; he identifies this representative in his letter of July 3, 2013 simply as "Chris at my branch." (Ex. 10.) The letter says Chris called Chex, asking Chex to remove the "false negative information" removed, but Chex refused. The remainder of the letter makes clear the information, even if negative, was not false.  If Chex's failure to contact Chris rendered its investigation unreasonable, Potter has not explained how. He has not, for example, alleged who Chris was or what Chris could have said that would have shown Potter never committed "account abuse."

/ / /

The remainder of the complaint does not show how Chex violated Potter's rights under the FCRA, or if it did, how Potter was injured and why he is entitled to relief.

**Conclusion and Order**

For these reasons, the motion to dismiss is **GRANTED**, and the amended complaint is **DISMISSED**.

Potter has already amended once, and it appears unlikely, though not impossible, that he could successfully amend. If he thinks he can amend his complaint successfully, he must file an *ex parte* motion for leave to do so, attaching his proposed second amended complaint as an exhibit and explaining in the body of his motion how the proposed second amended complaint remedies the defects identified in this order. The body of the motion must not exceed five pages, and he must file it by **October 2, 2014**. If he files such a motion, Chex may file a response by **October 16, 2014**. Any motion not in compliance with this order will be rejected for filing, which will likely result in the motion being untimely.

If Potter fails to show, within the time permitted, why he should be given leave to amend, this action will be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED: September 17, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge